IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD EDWARD LARUE JOHNSON,                    Civ. No. 06-3036-AA
JR.,
                                                              ORDER
          Plaintiff,

     vs.

HARPER/COLLINS, ET AL.,
DELAWARE PRENTICE HALL CO.
SYSTEM,

          Defendants.
_____

AIKEN, Judge:

     Plaintiff, pro se, filed a complaint against defendant
HarperCollins Publishers L.L.C. (erroneously named in the caption)
alleging that defendant violated federal copyright and "Major
League Baseball" antitrust laws by publishing his likeness without
permission in the book titled, Off Base: Confessions of a Thief,
baseball player Rickey Henderson's "as told to" biography published
by defendant in the early 1990s. As part of relating Henderson's
life story, the book contains a group photograph of Henderson's

1 - ORDER

1975 high school baseball team.  Based on the photo in the book, and plaintiff's allegation that he appears in the photo as one of Henderson's eleven teammates, plaintiff alleges that he is entitled to payment for use of his likeness without his permission. Complaint, ¶¶ 2,6.

Defendant moves to dismiss plaintiff's complaint on grounds that plaintiff lacks standing to bring an anti-trust claim pursuant to 15 U.S.C. § 26b(a) and fails to state a claim for copyright violations under 17 U.S.C. § 501(b).  In response, plaintiff fails to address either his anti-trust or his copyright claim or refute defendant's arguments.  Instead, plaintiff argues that defendant's actions violate his right of publicity.  Therefore, I agree with defendant that plaintiff has abandoned his claims of antitrust and copyright violations, and those claims are dismissed.

Further, defendant asserts that any claim based on a right of publicity is barred by the statute of limitations.  I agree. Assuming that plaintiff alleges a claim of misappropriation/right of publicity, plaintiff's claim is subject to Oregon's two-year statute of limitations period.  See Or. Rev. Stat. § 12.110(1)("An action for . . . any injury to the person or rights of another, not arising in contract, and not especially enumerated in this chapter, shall be commenced within two years.").  Plaintiff alleges the book was published in June 1992.  Complaint, ¶ 4, Ex. A.  Plaintiff's claim was therefore time-barred as of June 1994.  Even if the court

2 - ORDER

allows that plaintiff did not learn of the book's publication until March 5, 2004, when plaintiff wrote to defendant indicating that he was aware of the photograph at issue in the book, Complaint, Ex. A, plaintiff filed his claim in this case on May 30, 2006, more than two years after he discovered the publication of the book and the photograph at issue.[1]   I agree that plaintiff's claim is time-barred on its face.

Moreover, I find that pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff fails to state a claim.  No claim for tortious appropriation of a person's name or image exists where "a person whose image, with no established public familiarity, appears in a commercial context only incidentally, perhaps as one of several persons in a public scene, or otherwise under circumstances that plainly are not presented so as to convey any endorsement by that person." Anderson v. Fisher Broadcasting Cos., Inc., 300 Or. 452, 468, 712 P.2d 803 (1986).  Here, plaintiff has no "established public familiarity," nor has plaintiff alleged that his picture was wrongly obtained or published beyond plaintiff's claim at bar.  The book is a biography of Henderson.  Henderson's membership on his own high school baseball team is part of his biography.  The

_____

[1]Plaintiff previously filed a similar complaint against defendant in state court based on a claimed right of publicity. Defendant removed the case to this court and filed a motion to dismiss.  Johnson v. Harper/Collins et al., Civ. No. 06-747-AA. For ease of administration, that motion is resolved by separate opinion and order.

3 - ORDER

inclusion of the photograph and appearance of plaintiff in the photograph do not convey any endorsement of Henderson or anything about Henderson.   I find that plaintiff's appearance in the photograph is incidental; therefore, requiring either plaintiff's permission or payment to plaintiff for use of the team photo in the book is not required as a matter of law.

<u>CONCLUSION</u>

Defendant's motion to dismiss (doc. 10) is GRANTED.  This case is dismissed.  All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this __31__ day of July, 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge

4 - ORDER